UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOE DEAN ALLEN and
KAREN J. ALLEN,

    Plaintiffs,

vs.                                                   CASE NO. 8:04-CV-2530-T-17-EAJ

EARL MORELAND,
in his capacity as State Attorney,
Twelfth Judicial Circuit, State of Florida;
ROBERT HAMPSON, individually;
CITY OF VENICE; THOMAS A. McNULTY,
individually; and MICHAEL TREANOR,
individually,

    Defendants.
_____/

## ORDER

    This cause is before the Court on Defendants' Motion to Dismiss Defendants Moreland and Hampson, filed on November 24, 2004 (Dkt. 9-10), and response thereto, along with Plaintiffs' Motion to Remand, filed December 22, 2004 (Dkt. 15).

## BACKGROUND

    On or about October 20, 2004, Plaintiffs in this action, JOE DEAN ALLEN and KAREN J. ALLEN, filed a complaint against Defendants, EARL MORELAND ("Moreland"), in his capacity as State Attorney, ROBERT HAMPSON ("Hampson"), CITY OF VENICE, THOMAS A. McNULTY, and MICHAEL TREANOR, in the Twelfth Judicial Circuit, Sarasota County, Florida. (Case No. 2004-CA-10169 SC). Plaintiffs requested damages, the cost of this civil action, and reasonable attorney's fees under 42 U.S.C. §1988 for alleged violation of civil rights, claims of malicious prosecution, two counts of false arrest, assault and battery, and loss of consortium.

    On November 19, 2004, since the Complaint included removable 42 U.S.C. §1983 claims, Moreland filed a Notice of Removal to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §1331. (Dkt. 1). Plaintiffs' original complaint was then filed with this Court on the same date. (Dkt. 2).

On November 24, 2004, Defendants Moreland and Hampson filed for Judicial Notice of Prior Related Proceeding, <u>Joe Dean Allen and Karen Allen v. Earl Moreland, in his capacity as State Attorney, Twelfth Judicial Circuit, State of Florida; Robert Hampson, individually; City of Venice; Thomas A McNulty, individually; and Michael Treanor, individually</u>, Case No. 8:02-CV-2186-T-17TGW. (Dkt. 10).  In that case, the Court entered summary judgment for all defendants, including Hampson (Dkt. 10-5), and ordered Moreland's dismissal from the action based on his absolute immunity as an "arm of the state" (Dkt. 10-8).  The Court additionally dismissed all of Plaintiffs' pendant state claims. (Dkt. 10-5).  The Court's ruling was based in large part on its finding of the presence of arguable probable cause pertaining to the Plaintiffs' claims of a violation of civil rights and conspiracy to violate civil rights, a claim of malicious prosecution, two counts of false arrest, defamation, assault and battery, and loss of consortium (Dkt. 10-1, 10-5, 10-8).

Also on November 24, 2004, Defendants filed a Motion to Dismiss Defendants Moreland and Hampson based the definition of a person under 42 U.S.C. §1983, issue preclusion, and derivative claims. (Dkt. 9).  Plaintiffs filed a Response and Cross Motion for Removal to State Court on December 22, 2004, claiming that Moreland's dismissal from the previous proceedings does not entitle him to issue preclusion, and, additionally, that this Court's order declined to dismiss the state claims. (Dkt. 15).

## STANDARD OF REVIEW

In ruling on a motion to dismiss, a court should not dismiss a complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-6 (1957).  A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).  If no construction of the factual allegations support the cause of action, then it is appropriate to dismiss the complaint. <u>Executive 100, Inc. v. Martin County</u>, 922 F.2d 1536 (11th Cir. 1991).

## DISCUSSION

Plaintiffs make several allegations in the complaint, and it should be noted that all of these allegations involved activities that occurred before 2002, when the prior related proceeding was underway.  The counts alleged in this complaint deal with similar, if not the same, issues addressed by this Court in 2004 in dismissal of the previous lawsuit.  This Court previously ruled

on these similar issues in Case No. 8:02-CV-2186-T-17TGW, in the orders granting summary judgment and defendants' motions to dismiss. (Dkt. 10-5, 10-8). Plaintiffs bring an additional count alleging violation of civil rights.

> I.  **Count I: The Violation of Civil Rights Claim against Moreland is Dismissed Because He is Not a "Person" Within the Meaning of §1983.**

Defendant Moreland contends that Count I against him in his capacity as State Attorney must be dismissed because a state official sued in his official capacity is not a "person" within the meaning of §1983. Plaintiffs respond by citing Lapides v. Board of Regents of Univ. Sys. Of Ga., 535 U.S. 613 (2002), for the proposition that since Defendant Moreland sought removal from a state court, he has waived his Eleventh Amendment immunity.

The Supreme Court addressed the definition of a person according to §1983 in Will v. Michigan Dept. of State Police, 491 U.S. 58, 65-66 (1989), and held that a state is not a person within the meaning of the statute. This notion was reinforced by Congress's intent in enacting the statute, which was to provide a forum for citizens to file grievances regarding civil wrongs, but which did not allow such litigants to seek a remedy directly from the state. Will at 66. While a state official is literally a person, a suit against one in his official capacity is no different than a suit against the state and, therefore, is not allowed. Will at 58, 71. Additionally, neither a state nor its officials acting in their official capacities can be held liable for monetary damages under §1983. Id.

The Court's holding in Will applied to states and governmental bodies that could be considered "arms of the state" for Eleventh Amendment purposes. Will at 70. Clearly, "the State Attorney is a arm of the state of Florida for Eleventh Amendment purposes." Farrell v. Woodham, 2002 U.S. Dist. LEXIS 11818, *11 (M.D. Fla. 2002). Plaintiff's contention that Defendant Moreland should not be heard to contend that he is an "arm of the state" for Eleventh Amendment purposes is, therefore, false.

Additionally, Plaintiffs' misuse Lapides, which does not apply to this case in the manner they suggest. In Lapides, the Supreme Court held that a state official waives a state's sovereign immunity when he removes a claim from state to federal court, but this decision was limited to a state explicitly waiving immunity regarding state court proceeding in matters concerning state law. Id. at 617. The case governing matters of federal law, such as §1983, is Will. Thus,

Defendant Moreland has not waived the state's sovereign immunity regarding the federal charge by removing the case to federal court.

> II. **Count II: Malicious Prosecution against Hampson and Count IV: False Arrest Against Moreland and Hampson are Barred by Collateral Estoppel.**

Defendant Hampson contends that under principles of issue preclusion, he is entitled to dismissal of the Malicious Prosecution count. Defendants Hampson and Moreland also assert the defense of issue preclusion as a bar to Plaintiffs' False Arrest claim. Plaintiffs responds that issue preclusion is not applicable since this Court declined to dismiss the state claims in the previous related proceedings. Plaintiffs also contend that Defendant Moreland cannot raise an issue preclusion claim because he was dismissed from the lawsuit before the Court's order.

Federal principles of issue preclusion, or collateral estoppel, significantly differ from Florida's doctrine, so it is necessary to determine which standard will be applied. Since the initial judgment in this case was rendered by a federal court, federal issue preclusion rules apply. Amador v. Fla. Bd. of Regents ex rel. Fla. Int'l Univ., 27 Fla. L. Weekly D 2390 *2 (3d DCA 2002).

Collateral estoppel precludes the relitigation of an issue that has already been litigated and resolved in a prior proceeding. I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986). In order to claim collateral estoppel, the party relying on the doctrine must show that: (1) the issue is the same as the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue must have been "a critical and necessary part" of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding. Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998).

All the elements of collateral estoppel have been met with regard to both counts. First, the issue at stake necessary to determine if there was malicious prosecution and false arrest – probable cause – was the main focus of the prior proceeding. Second, that issue of probable cause was actually litigated in the prior proceeding and arguably found to exist. (Dkt. 10-5, 10-8). Third, the finding of probable cause in the prior litigation was "a critical and necessary part" of establishing the judgment. Fourth, Plaintiffs has a full and fair opportunity to litigate the issue in the prior proceeding, as evidenced by the multiple motions and responses filed by Plaintiffs.

As the Court discussed in the prior related proceeding, it was likely that actual probable cause existed, not just arguable probable cause. According to the Court in its Order for Summary Judgment:

> Probable cause exists if, at the moment the arrest was made, "the facts and circumstances within [the law enforcement officials'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing" that Plaintiff had committed an offense. See Hunter v. Bryant, 502 U.S. 224, 228 (1991) . . . . In light of the facts and circumstances in Defendants' knowledge, sufficient trustworthy evidence existed . . . [which] entitles defendants to qualified immunity. Hunter, 502 U.S. at 227.

Dkt. 10-5 at p. 5-6.

The finding in the previous litigation that probable cause arguably and likely existed due to investigation of the Plaintiff established both a lack of an element necessary for a claim of malicious prosecution and the presence of an affirmative defense to false arrest. For Plaintiffs to establish a claim for malicious prosecution, there must be "an absence of probable cause for such proceeding." Burns v. GCC Beverages, Inc., 502 So.2d 1217, 1218 (Fla. 1986). A finding of probable cause, likewise, is an affirmative defense to the claim of false arrest. Rankin v. Evans, 133 F.3d 1425, 1436 (11th Cir. 1988).

To address Plaintiff's arguments, while Florida law requires involvement by both sides of the lawsuit or those in privity with them to assert collateral estoppel, there is no such requirement under the federal doctrine. E.C. v Katz, 731 So.2d 1268, 1269-70 (Fla. 1999). Also, this Court is in disagreement with Plaintiff's assertion that the order in the prior related proceedings failed to dismiss the state claims. In actuality, this claim is false, as per the dismissal of all pendant state claims contained in this lawsuit. (Dkt. 10-5, 10-8).

Since pendant jurisdiction is a doctrine of discretion, if all federal claims are dismissed before trial, it is the district court's decision whether or not to exercise pendent jurisdiction over state-law claims. Rice v. Branigar Organization, Inc., 922 F.2d 788, 792 (11th Cir. 1991). As such, this Court maintains its position in the prior related proceedings that the aforementioned state claims should be dismissed. (Dkt. 10-5).

### III.  Count VI for Loss of Consortium Damages against Moreland Is Barred Because of Its Derivative Nature.

Loss of consortium is a derivative claim dependant on the spouse's ability to recover. <u>ACandS, Inc. v. Redd</u>, 703 So.2d 492, 493-94 (Fla. 3d DCA 1997).  Since Plaintiff Joe Dean Allen cannot recover based on any of his claims as previously discussed, Plaintiff Karen J. Allen also cannot recover on her loss of consortium claims.

For the foregoing reasons, Plaintiffs' §1983 claim cannot stand because Defendant Moreland is not a "person" within the meaning of the statute, and additionally Defendants Moreland and Hampson are dismissed due to their valid collateral estoppel defense. Accordingly, it is

**ORDERED** that the Defendants' Motion to Dismiss Defendants Moreland and Hampson (Dkt. 9-10) be **GRANTED** and Defendants Moreland and Hampson are dismissed from this cause of action.

**DONE and ORDERED** in Chambers, in Tampa, Florida, on this 30th day of June, 2005.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record