```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

JOE DEAN ALLEN and
KAREN J. ALLEN,

    Plaintiffs,
v.
                                    Case No. 8:04-CV-2530-T-17-EAJ

EARL MORELAND, in his
capacity as State Attorney,
Twelfth Judicial Circuit,
State of Florida; ROBERT HAMPSON,
individually; CITY OF VENICE;
THOMAS A. McNULTY, individually;
and MICHAEL TREANOR, individually,

    Defendants.
_____/

## ORDER

Before the court is **Defendant Moreland's and Defendant Hampson's Motion for Sanctions** (Dkt. 27), filed on June 24, 2005.

A hearing on the above motion was set for July 12, 2005 at 10:00 A.M. (Dkt. 28). Pro se Plaintiffs failed to appear at the hearing.

## Background

On April 29, 2005, Defendants Moreland and Hampson filed a motion to compel Plaintiffs' initial disclosures and responses to discovery, and Defendants sought fees as well (Dkt. 23). Plaintiffs completely failed to respond to Defendants' motion to compel. Accordingly, in an order dated May 18, 2005, this court granted Defendants' motion to compel as unopposed. (T 24) In the order granting the motion to compel, this court mandated that

Plaintiffs provide initial disclosures and responses to discovery within twenty days. (T 24) This court denied sanctions "subject to reconsideration if circumstances so warrant, including Plaintiffs' failure to produce the disclosures and responses required by this order." (Dkt. 24)

Defendant Moreland's and Defendant Hampson's instant motion for sanctions (Dkt. 27) seeks attorney's fees pursuant to Rule 37(a)(4), Fed.R.Civ.P., for the successful motion to compel (Dkt. 23). Defendants argue that this court should reconsider the denial of sanctions because Plaintiffs have failed to provide the discovery mandated in the May 18, 2005 order. (T 24)

**Discussion**

Defendants' counsel seeks $901.00 in attorneys fees pursuant to Rule 37(a)(4), Fed.R.Civ.P., because this court granted Defendants' motion to compel (Dkt. 24).[1] Rule 37(a)(4), Fed.R.Civ.P., states:

> If the motion [to compel] is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery

---

[1] Defendants' counsel, Kimberly Limerinos, Esq., filed an affidavit which contains a copy of her billing record for her activity related to prosecuting the successful motion to compel and bringing the instant motion for sanctions. (Dkt. 27-2 at 4)

2

without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

It is not clear whether the responsibility for Plaintiffs' failure to respond to the motion for sanctions and failure to appear at the hearing on July 12, 2005 should be shouldered by former counsel, Peter Stephen Baranowicz, Esq. ("Mr. Baranowicz") or his clients Joe Allen and Karen Allen ("Mr. and Ms. Allen"), currently proceeding in this action pro se, or both. (See Dkt. 33) Therefore, this court requires Mr. Baranowicz as well as Mr. and Ms. Allen to respond to the instant motion for sanctions (Dkt. 27) within ten days of the date of this order as a final opportunity to show cause why this court should not order payment of monetary sanctions as sought by Defendants.

Accordingly and upon consideration, it is **ORDERED and ADJUDGED** that:

(1) Mr. Baranowicz and Mr. and Ms. Allen shall respond to **Defendant Moreland's and Defendant Hampson's Motion for Sanctions** (Dkt. 27) in writing within ten days of the date of

this order.

**DONE AND ORDERED** in Tampa, Florida on this 12th day of July 2005.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

Copies to:
    Pro se Plaintiffs
    Counsel of record
    Plaintiff's former counsel Peter Stephen Baranowicz, Esq.