## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JOE DEAN ALLEN and
KAREN J. ALLEN,

      Plaintiffs,

vs.                                                      CASE NO: 8:04-CV-2530-T-17-EAJ

EARL MORELAND,
in his capacity as State Attorney,
Twelfth Judicial Circuit, State of Florida;
ROBERT HAMPSON, individually;
CITY OF VENICE; THOMAS A. McNULTY,
individually; and MICHAEL TREANOR,
individually,

      Defendants.

_____/

## ORDER

This cause is before the Court on the Defendants', City of Venice, Thomas A. McNulty and Michael Treanor (the "City Defendants") Motion for Summary Judgment, filed on June 28, 2005 (Dkt. 30), along with the Plaintiffs', Joe Dean Allen and Karen J. Allen, (Plaintiffs) response in opposition to the City Defendants' Motion. (Dkt. 47).

## BACKGROUND

The procedural history of this case is complex and dates back to November 2002, when the Plaintiffs filed their first complaint. In that case, the Court entered summary judgment for all Defendants (Dkt. 65), and ordered Defendant Moreland's dismissal from the action based on his absolute immunity as an "arm of the state." (Dkt. 35) The Court additionally dismissed all of Plaintiffs' pendant state claims without prejudice. (Dkt. 65). Subsequent to this Court's June 16, 2004, Order on Motions for Summary Judgment

CASE NO: 8:04-CV-2530-T-17-EAJ

(Dkt. 65) and because the Court declined to rule on the Plaintiffs' state law claims, the Plaintiffs filed a new action against Defendants, Earl Moreland, in his capacity as state attorney, Robert Hampson, City of Venice, Thomas A. McNulty, and Michael Treanor, in the Twelfth Judicial Circuit, Sarasota County, Florida. Because the Complaint included removable 42 U.S.C. § 1983 claims, Moreland filed a Notice of Removal to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1331 (2005). (Dkt. 1). Plaintiffs' original complaint was then filed with this Court on the same date. (Dkt. 2).

This Court entered an order dismissing Defendants Moreland and Hampson from the cause of action, which dismissal included all Section 1983 claims. (Dkt. 35). Two days before the Judge's Order was filed, the City Defendants, filed a motion in this Court for summary judgment. (Dkt. 30). Thereafter, the Plaintiffs' filed a Memorandum in Opposition to Defendants' Motion for Summary Judgment and Motion to Dismiss. (Dkt. 47). After carefully reviewing the facts in this case it is apparent to this Court that there is no longer a basis for original jurisdiction and, therefore, this Court declines to entertain the Defendants' Motion for Summary Judgment but instead remands the case to Circuit Court.

## **STANDARD OF REVIEW**

A district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2005). A federal district court must remand to the State court any case without the necessary jurisdiction. *Cacciatore v. Liberty Life Assurance Co. of Boston*, 85 F. Supp. 2d 1282, 1283 (M.D. Fla. 2000). Moreover, in *Woods v. Firestone Tire & Rubber Co.*, 560 F. Supp. 588, 590 (S.D.Fla. 1983), the Court noted that if there is "any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." The Court, *sua sponte*, or any party may raise a jurisdictional defect at any time. *Barnett v. Baley*,

CASE NO: 8:04-CV-2530-T-17-EAJ

956 F.2d 1036, 1039 (11th Cir. 1992).

Supplemental jurisdiction permits the court to hear state claims in federal cases provided that the state law claims "form part of the same case or controversy" as the federal claims." 28 U.S.C. § 1367(a) (2005). Furthermore, pursuant to 28 U.S.C. § 1367(c), a District Court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it had original jurisdiction."

## DISCUSSION

The basis for this Court's original jurisdiction is the Plaintiffs' Section 1983 claim against Defendants Moreland and Hampson. Along with the Section 1983 claim, the Plaintiffs allege numerous state law claims pursuant to Fla. Stat. § 768.28. This Court, (Dkt.35) dismissed Plaintiffs' Section 1983 claims against Moreland and Hampson. As a consequence of this dismissal, no federal claim remains in Plaintiffs' Complaint filed on November 19, 2004. Because this Court has dismissed all claims over which it had original jurisdiction and, thus, no federal cause of action remains the basis for original jurisdiction, pursuant to 28 U.S.C. § 1367(c) this Court may decline to exercise supplemental jurisdiction.

In view of the dismissal of the Section 1983 claims against Moreland and Hampson, the fact that no federal claims are asserted against the remaining Defendants, City of Venice, McNulty, and Treanor, and considerations of judicial economy, convenience, and fairness, this Court declines to exercise jurisdiction over the Plaintiffs' state law claims. Resolution of Plaintiffs' state law claims depend on determination of state law and therefore, this Court declines to consider the pending motion for summary judgment and finds that this case should be remanded to Circuit Court. Accordingly, it is

CASE NO: 8:04-CV-2530-T-17-EAJ

**ORDERED** that the Clerk of Court be **DIRECTED** to remand this case to the Circuit Court of the Twelfth Judicial Circuit in Sarasota County, Florida. The Clerk of Court should close this case and terminate all pending motions.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 9th day of February, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record